IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OFELIA RONQUILLO,

       Plaintiff,

vs.                                    CIV NO.  2:15-cv-00660-CG

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Reverse and Remand for Rehearing, With Supporting Memorandum* ("Motion"), (Doc. 18), filed on November 23, 2015; Defendant's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* ("Response"), (Doc. 22), filed on February 22, 2016; and *Plaintiff's Reply* ("Reply"), (Doc. 23), filed on March 7, 2016.

On May 1, 2013, Ofelia Ronquillo filed an application for disability insurance benefits, alleging disability beginning June 15, 2002. (Administrative Record ("AR") 126–27). Her application was denied on August 27, 2013, (AR 65–68), and also upon reconsideration on September 25, 2013. (AR 70–73). Ms. Ronquillo filed her request for a hearing before an Administrative Law Judge ("ALJ") on November 16, 2013, (AR 74–75), and a hearing was set for September 16, 2014 before ALJ Ann Farris. (AR 26–47). Ms. Ronquillo and James Fullilove, an impartial vocational expert ("VE"), testified at the hearing. (*Id.*). Ms. Ronquillo was represented at the hearing by attorney Gary Martone. (*Id.*). ALJ Farris issued her opinion on March 12, 2015, finding that Ms. Ronquillo was

not disabled under 20 C.F.R. § 404.1520(g) from the alleged onset date through the date last insured. (AR 19). Ms. Ronquillo filed an application for review by the Appeals Council, (AR 6–7), which was denied, (AR 1–5), making the decision of ALJ Farris the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Ms. Ronquillo argues that the ALJ committed reversible, legal error by: (1) rendering an improper credibility finding; and (2) failing to consider lay evidence from Ms. Ronquillo's previous co-workers and supervisor. (Doc. 18).

The Court has reviewed the Motion, the Response, the Reply, and relevant law. In addition, the Court has meticulously reviewed and considered the entire administrative record. Because the ALJ's findings are supported by substantial evidence and are without harmful error, the Court finds that the Motion should be **DENIED** and the case be **DISMISSED WITH PREJUDICE**.

I.   **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither

re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits and supplemental security income, a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. §

1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process ("SEP") has been established to determine whether a person is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, she will proceed to step five of the evaluation process. At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

### III.     Background

Ms. Ronquillo initially applied for disability benefits alleging that she suffers from fibromyalgia, chronic fatigue, irritable bowel syndrome, depression, anxiety, panic attacks, seizures, herpes, and post-traumatic stress disorder. (AR 65). The record reflects that Ms. Ronquillo has a history of experiencing pelvic and abdominal pain, underwent a hysterectomy, and experienced past trauma resulting in long lasting mental health issues.  (AR 224, 225, 227, 232–34, 241, 242, 248–50, 251, 288, 290, 294–95,

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

325). Ms. Ronquillo reports pain all over her body and extreme anxiousness, which has affected her functional abilities.

As an initial matter, the ALJ found that Ms. Ronquillo last met the insured status requirements of the Social Security Act on September 30, 2004. (AR 13). Thus, the ALJ determined that Ms. Ronquillo must establish disability on or before that date to be entitled to disability insurance benefits. (*Id.*). The ALJ then began the five-step sequential evaluation process.

At step one, the ALJ determined that Ms. Ronquillo had not engaged in substantial gainful activity since her alleged onset date of disability of June 15, 2002, through her date last insured, September 30, 2004. (AR 13). At step two, the ALJ concluded that Ms. Ronquillo was severely impaired by depression, anxiety, and somatoform disorder. (*Id*). The ALJ found that Ms. Ronquillo's irritable bowel syndrome, with associated pelvic pain, was not severe. (AR 14).

At step three, the ALJ explained that she specifically considered whether Ms. Ronquillo's impairments satisfied or met any of the listed impairments. She determined that none of Ms. Ronquillo's impairments, solely or in combination, equaled one of the listed impairments in 20 CFR §§ 404.1520(d), 404.1525, and 404.1526. (AR 14).

The ALJ proceeded to step four. First, she analyzed Ms. Ronquillo's subjective complaints of physical and psychological symptoms, and the objective medical evidence in the record. (AR 15–17). The ALJ found that Ms. Ronquillo's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (AR 16). She based this adverse credibility finding on Ms. Ronquillo's testimony of her symptoms during the relevant period, the frequency and nature of the treatment sought

during that time, and the effectiveness of treatment. (AR 16–17). The ALJ also considered the Third Party Function Report completed by John Ronquillo, Ms. Ronquillo's husband, which the ALJ found to be partially credible. (AR 17).

The ALJ ultimately found that Ms. Ronquillo has the residual functional capacity ("RFC") to perform sedentary work. (AR 15). The ALJ further determined that Ms. Ronquillo is limited to making simple decisions with few changes in the workplace, and working without any interactions with the public (*Id.*). The ALJ noted that Ms. Ronquillo has no past relevant work, and proceeded to step five. (AR 17).

At step five, the ALJ inquired whether Ms. Ronquillo would be able to perform any other work existing in significant numbers in the national economy. (AR 18). The ALJ noted that Ms. Ronquillo was 41 years old on the date last insured, and therefore classified as a "younger individual" in accordance with the Regulations. (AR 17). The ALJ also determined that Ms. Ronquillo has at least a high school education and is able to communicate in English. (AR 18).

The VE testified at the hearing that an individual with Ms. Ronquillo's same age, education, work experience, and RFC could perform the jobs of circuit board assembly touch-up technician and escort vehicle driver. (AR 18). The VE stated that those jobs existed in significant numbers in the national economy. (*Id*). The ALJ determined that the VE's testimony was consistent with the Dictionary of Occupational Titles, and adopted the VE's testimony. (*Id.*)

The ALJ concluded that because Ms. Ronquillo was capable of performing work existing in significant numbers in the national economy, she was not disabled pursuant

to 20 C.F.R. §§ 404.1520(g) at any time from June 15, 2002, the alleged onset date, through September 30, 2004, the date last insured. (AR 19).

## IV. Analysis

Ms. Ronquillo argues that the ALJ failed to discuss all of Ms. Ronquillo's subjective allegations described in her testimony at the hearing, and failed to apply all the regulatory factors in making the adverse credibility determination. (Doc. 18 at 9–11). In addition, Ms. Ronquillo contends that the ALJ ignored lay evidence in the form of written statements from her prior co-workers and supervisor in making the credibility and RFC determinations. (Doc. 18 at 11–13).

The Commissioner responds that, while the ALJ did not discuss all of Ms. Ronquillo's subjective complaints, the ALJ explicitly stated that she considered the entire record. (Doc. 22 at 6–7). The Commissioner maintains that the ALJ also considered the relevant regulatory factors in making her adverse credibility finding, and that the finding is supported by substantial evidence. (*Id.* at 5–6). As to the lay witness evidence, the Commissioner maintains that, because the statements concern Ms. Ronquillo's condition before the date of alleged disability onset, the ALJ's failure to discuss these allegations is not reversible error. (*Id.*).

### A. *Ms. Ronquillo's Challenge to the Credibility Determination*

Ms. Ronquillo first argues that the ALJ discussed only a short summary of Ms. Ronquillo's testimony at the hearing, which did not include Ms. Ronquillo's daily activities, her past trauma and resulting mental health issues, and the assistance and

accommodations Ms. Ronquillo received at her last job.[2] (Doc. 18 at 9–11). Further, Ms. Ronquillo contends that the ALJ failed to apply all the relevant factors in making the credibility determination and failed to state what weight she afforded Ms. Ronquillo's subjective allegations. (*Id.* at 11).

The Commissioner responds that, while the ALJ did not discuss all of Ms. Ronquillo's subjective complaints, the ALJ explicitly stated that she considered the entire record. (Doc. 22 at 6–7). The Commissioner maintains that the ALJ also considered the relevant regulatory factors in making her adverse credibility finding, and that the finding is supported by substantial evidence. (*Id.* at 5–6).

*1. Standard for Evaluating a Claimant's Credibility*

The ALJ must consider the credibility of the claimant's subjective testimony about her pain and other symptoms, and their effect on her ability to work, in making the RFC determination. *See Madron v. Astrue*, No. 06-1200, 311 Fed. Appx. 170, 175 (10th Cir. Feb. 11, 2009) (unpublished) (citing Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *6). "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (brackets, citation, and internal quotation marks omitted)).

---

[2] Ms. Ronquillo also argues that the ALJ failed to consider statements from Ms. Ronquillo's sister, half-sister, and prior supervisor describing the assistance and accommodations Ms. Ronquillo received at her last job. The Court will consider the ALJ's discussion of lay witness statements as it relates to the credibility and the RFC findings in a separate section below. *See* discussion pp. 12–15, *infra*.

The Social Security Regulations set out the proper two-step analysis of a claimant's subjective testimony. *See* SSR 96-7p, 1996 WL 374186, at *2. First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) . . . that could reasonably be expected to produce the individual's pain or other symptoms." *Id.* Second, where the ALJ finds that there is such an underlying physical or mental impairment(s), she must then "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the individual's statements about the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *Id.* In doing so, the ALJ may make a finding on the credibility of a claimant's statements regarding their symptoms based on the entire case record. *Id.*

To determine whether a claimant's statements of her symptoms are believable, or credible, the ALJ must consider certain criteria in addition to the medical evidence in the record. 20 C.F.R. § 404.1529(c). The so-called "credibility factors" include: (i) a claimant's daily activities; (ii) the location, duration, frequency, and intensity of a claimant's pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (v) treatment, other than medication, received for relief of those symptoms; (vi) any measures taken to relieve the pain or other symptoms; and (vii) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. *Id.* at § 404.1529(c)(3). A formal factor-by-factor review of the evidence is not required. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). "So

9

long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility," the credibility determination is adequately supported. *Id.*

### 2. The ALJ's Credibility Determination

Here, the ALJ found it reasonable that Ms. Ronquillo's medically determinable impairments might cause some of the alleged symptoms during the period at issue, but that her statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible. (AR 16). The ALJ summarized Ms. Ronquillo's testimony and discussed the medical records from the relevant period of disability. (*Id.*). The ALJ ultimately found that Ms. Ronquillo's "subjective allegations are out of proportion to the objective medical evidence," (*id.*), and "not consistent with the medical record signs and the medical record as a whole for the time period of the claimant's alleged onset date through her date last insured." (AR 17). The ALJ noted Ms. Ronquillo's relatively infrequent trips to the doctor for the alleged symptoms, the fact that psychiatric medications were successful in alleviating her mental health symptoms, and that she sought no other treatment for her mental health symptoms apart from medications prescribed during her doctor visits. (AR 16–17). The ALJ also noted Ms. Ronquillo and her husband, John Ronquillo's, Adult and Third Party Adult Function Reports, and stated that those reports were completed in 2013, and do not seem to reference the period at issue in this case, June 15, 2002 through September 30, 2004. (AR 16, 17).

Ms. Ronquillo argues that the ALJ should have discussed her testimony in more detail, and that the ALJ failed to apply every factor stated in the Regulations and SSR 96-7p in making her adverse credibility determination. However, this is not a basis

for remand. There is no requirement that the ALJ discuss every aspect of a claimant's testimony; indeed, "[this Circuit's] precedent does not require a formalistic factor-by-factor recitation of the record so long as the ALJ sets for specific evidence he relies on in evaluating the claimant's credibility." *Holbrook v. Colvin*, No. 12-5101, 521 Fed. Appx. 658, 663 n.6 (10th Cir. Mar. 21, 2013) (unpublished) (citing *Poppa v. Astrue,* 569 F.3d 1167, 1171 (10th Cir. 2009)); *See Lankford v. Colvin*, No. 14-5140, 612 Fed. Appx. 496, 500 (10th Cir. May 14, 2015) (unpublished) (finding no error where the ALJ did not individually address each factor, but considered some relevant factors in tying the adverse credibility finding to substantial evidence).

Moreover, the ALJ obviously found Ms. Ronquillo's testimony and other statements that she suffered disabling pain and anxiety to be credible to some extent, as she assessed Ms. Ronquillo's RFC to be less than the full range of sedentary work, and limited to making simple decisions with few changes in the workplace and no interaction with the public. (AR 15). There is no requirement that the ALJ specifically state the weight she gives to a claimant's testimony, as long as the determination is supported by evidence in the case record and sufficiently specific to inform subsequent reviewers of both the weight given to the testimony and the reasons for that weight. *Hayden v. Barnhart*, 374 F.3d 986, 992–93 (10th Cir. 2004) (citing SSR 96-7p, 1996 WL 374186, at *4) (finding that the weight placed on the claimant's testimony as to several of her impairments was clear when the ALJ obviously found her testimony credible to some extent by incorporating it in the ultimate RFC assessment); *Holbrook*, 521 Fed. Appx. at 663 n.6 (holding that, despite the fact that the ALJ did not discuss the claimant's account of his daily activities, given the ALJ's substantiated conclusion that

11

the claimant was exaggerating in making his case for disability, the court was "under no uncertainty as to the weight the ALJ gave his statements about daily activities and the reasons for that weight.").

Because the ALJ applied the correct legal standards and stated specific reasons for her credibility finding, which find support in the record, the Court finds the determination to be supported by substantial evidence. The Court will not reweigh the evidence to substitute its judgment for that of the Commissioner. *Harper v. Colvin*, No. 12-5138, 528 Fed. Appx. 887, 892 (10th Cir. July 1, 2013) (unpublished) (citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

### B. *Ms. Ronquillo's Challenge to the ALJ's Analysis of Lay Evidence*

Second, Ms. Ronquillo contends that the ALJ ignored lay evidence in the form of written statements from her prior co-workers and supervisor. (Doc. 18 at 11–13). Ms. Ronquillo argues that this is reversible error which requires remand. (*Id.* at 13).

The Commissioner agrees that the ALJ did not discuss the allegations of lay witnesses. (Doc. 22 at 7). The Commissioner maintains, however, that because the allegations concern Ms. Ronquillo's condition before the date of alleged disability onset, the ALJ's failure to discuss these allegations was not reversible error. (*Id.*).

#### 1. Requirement to Consider All Evidence in the Record

In making her credibility and RFC determination, the ALJ must base her assessments on all of the evidence in the case record, both medical and non-medical. *Sissom v. Colvin*, No. 12-6131, 512 Fed. Appx. 762, 767 (10th Cir. Mar. 1, 2013) (unpublished). The Tenth Circuit has specifically held that an ALJ has a duty to consider third-party opinion evidence. *Blea v. Barnhart*, 466 F.3d 903, 914–15 (10th Cir. 2006).

At the same time, "[a]n ALJ is not required to discuss every piece of evidence so long as the record demonstrates that he considered all of the evidence." *Miller v. Barnhart*, No. 06-2000, 194 Fed. Appx. 519, 522 (10th Cir. Sept. 6, 2006) (unpublished) (citing *Clifton v. Chater,* 79 F.3d 1007, 1009–10 (10th Cir. 1996)). Thus, the Tenth Circuit has explained that "an ALJ is not required to make specific written findings regarding third-party testimony so long as the written decision reflects that the ALJ considered that testimony." *Holley v. Colvin*, No. CIV.A. 12-4057-JWL, 2014 WL 172183, at *14–15 (D. Kan. Jan. 15, 2014) (unpublished) (citing *Blea*, 466 F.3d at 915).

Where an ALJ fails to mention third-party testimony or statements, or refer to the substance of the testimony or statements, the Tenth Circuit has found that "it is not at all clear that the ALJ considered [such testimony] in making his decision," and has remanded the case to the Commissioner for further proceedings. *Blea*, 466 F.3d at 915. However, where third-party evidence which is considered, yet undiscussed, is "largely cumulative" of the claimant's testimony, remand is not required. *See e.g.*, *Brescia v. Astrue*, No. 07-4234, 287 Fed. Appx. 626, 630–31 (10th Cir. July 8, 2008) (unpublished) (citing *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir.1996) *and Clifton*, 79 F.3d at 1009–10); *Sandoval v. Barnhart*, No. 06-2066, 209 Fed. Appx. 820, 824 (10th Cir. Dec. 20, 2006) (unpublished); *Davis v. Astrue*, No. 06-7047, 237 Fed. Appx. 339, 342 (10th Cir. June 12, 2007) (unpublished); *Standlee v. Barnhart*, No. 04-2143, 125 Fed. Appx. 938, 941 (10th Cir. Feb. 3, 2005) (unpublished).

### 2. The ALJ's Analysis of Lay Evidence in the Record

Here, Ms. Ronquillo states that the ALJ completely ignored lay evidence in the form of written statements by: (i) Gloria Garcia, Ms. Ronquillo's sister and co-worker; (ii)

Rafaela Amaya, Ms. Ronquillo's sister and co-worker; and (iii) Gloria Belcher, Ms. Ronquillo's supervisor. Ms. Ronquillo worked with all three individuals at a Super 8 Motel as a housekeeper from 1997-2001. (AR 214, 215, 216). Each statement describes Ms. Ronquillo's functional limitations during this time, including pain, fatigue, and depression. (*Id.*). The statements also describe the assistance and accommodations that they provided her in their capacities as co-workers and supervisor in order for Ms. Ronquillo to complete her work and maintain her position. (*Id.*)

The ALJ does not discuss the substance of these statements, reference the statements, or cite to their exhibit number, (AR 214, 215, 216; Ex. 14E), anywhere in the decision. As a result, "it is not at all clear that the ALJ considered [the statements] in making [her] decision." *Blea*, 466 F.3d at 915. This is error. *Buckner v. Colvin*, No. CIV.A. 12-4074-JWL, 2014 WL 29109, at *5 (D. Kan. Jan. 3, 2014) (unpublished) ("There is simply no particular indication in the decision that the ALJ considered, or was even aware of, [the lay witness's] report. This is error.").

However, substantively, Ms. Ronquillo provided almost the exact same information in her testimony at the hearing. Ms. Ronquillo testified generally that between 1997-2001 she began to experience severe pain and feel extremely fatigued. (AR 38). She stated that, at her job at the Super 8 Motel, her sister helped her carry heavy items, make beds, carry laundry, or otherwise help her complete her duties as a housekeep at the motel. (AR 39). Ms. Ronquillo further testified that her supervisor was very accommodating, and kept Ms. Ronquillo's work limited to cleaning rooms on the first floor, so she would not have to use the stairs, and that when Ms. Ronquillo was feeling too tired or experiencing too much pain to work, her supervisor would allow her

14

to leave work and go home. (*Id.*). Thus, the lay witness statements are largely cumulative of this testimony. As a result, any error with regard to the ALJ's failure to consider the lay witness statements is harmless, and does not warrant remand. *Brescia*, 287 Fed. Appx. at 630.

### V.     Conclusion

For all of the foregoing reasons, the Court concludes that substantial evidence supports the ALJ's adverse credibility finding. Further, the Court finds that any error with regard to the ALJ's consideration of the lay witness evidence was harmless.

**IT IS THEREFORE ORDERED** that Plaintiff Ofelia Ronquillo's *Motion to Reverse and Remand for Rehearing, With Supporting Memorandum*, (Doc. 18), be **DENIED** and that this cause of action is **DISMISSED WITH PREJUDICE**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE